NIBBS, use, &c. *vs* MOODY.

1. The holder of a note, payable in a sum exceeding fifty dollars, has the right, [without the maker's consent,] to credit it with an amount by which it can be reduced within the jurisdiction of a justice of the peace, and sued before the latter.

This case was originally commenced before a justice of the peace in Montgomery County. It originated in a warrant, issued at the suit of Nibbs, for the use of Edwards, and was founded upon a promissory note, drawn by Moody, in favor of Nibbs, for the sum of sixty dollars. On this note were indorsed credits for the sum of fourteen dollars. Judgment was given by the justice, by default, for forty-eight dollars and thirty-five cents, in favor of the plaintiff.

By *certiorari*, the cause was removed, by the defendant, to the County Court of Montgomery County. In that Court the defendant plead to the statement filed in the cause, to the jurisdiction of the Court, whereby he averred, that the said note sued upon, exceeded the jurisdiction of the Court, in that it was for an amount above the sum of fifty dollars;

and that the plaintiff, without the consent of the defendant, had credited the same, in order to bring it within the jurisdiction of a magistrate; and that the Circuit and County Courts had lawful jurisdiction of the cause, and not the justice, before whom sued.

The plaintiff, to this plea replied, that the defendant having a just account against the said Edwards, for whose use the suit was brought, the said credit was accordingly entered on the said note, before the institution of the said suit.

The defendant rejoined, that the said note was for an amount exceeding the sum of fifty dollars—that the said credits were entered without his request or direction, and therefore the cause was not cognizable before the said justice.

To this rejoinder the plaintiff demurred, which demurrer was overruled, and judgment entered for the defendant; and the plaintiff took a writ of error to this Court, and assigned for cause of reversal, the judgment of the Court below, upon the judgment aforesaid.

*Peck*, for the plaintiff in error. We contend, that we had a right to credit the note in this case, and thus bring it within the jurisdiction of the justice, under a decision of this Court—(*King* vs *Dougherty*, 2 Stewart, 487.)

*Goldthwaite*, contra. I conceive the case cited is not law; and is opposed by reasons, strong enough to induce a review of the authority. The act of the party can not give jurisdiction to a Court: not even the consent of both parties. It is against principle,

that it should be allowed. Can the plaintiff, by his own act, give jurisdiction, where there was none before. The case of *King* vs *Dougherty* does not appear to have been argued, and could not have been maturely considered by the Court. It does not, in that case, appear expressly, that the credit was against the consent of the opposite party: here, it appears positively against his consent. It is a release, without a sanction: and, a release is essentially a contract: it operates a material change in the situation of the parties—one, to be sure, has a right not to sue; but he has no right to change the liability of his adversary.

A cause in *Hardin's Reports*, (page 3,) carries the distinction, as to jurisdiction, much farther than this case would require it. There, the plaintiff had joined two demands together, and the higher Court could not exercise jurisdiction. In our case, the constitution establishes the jurisdiction.

Again—in the case in 2d *Stewart*, the relinquishment was for the benefit of the defendant; but here, that fact is expressly negatived: there is no assent; and the extinguishment of a debt is a contract, that requires assent. Suppose the defendant sued the plaintiff—would the credit, without his assent, be a discharge of the action? I think not.

SAFFOLD, J.—This was an appeal in the County Court of Montgomery County, from the judgment of a justice.

On the trial, the plaintiff below, who is also the plaintiff in error, alleged that the defendant was justly indebted to him, in the sum of forty-six dol-

lars, a balance due by note, originally for sixty dollars, but credited, before suit brought, with fourteen dollars, before that time paid. The defendant pleaded to the jurisdiction of the Court, (Justice's,) that the note sued on, was for more than fifty dollars. The plaintiff replied, that before suit brought, he justly owed the defendant the amount credited on the note—therefore, entered the credit and sued for the balance. The defendant rejoined, that the credit was entered without his consent, and against his will. To this the plaintiff demurred, and the Court, overruling the demurrer, gave judgment against the plaintiff, for costs.

This judgment is assigned as the cause of error.

The former decision of this Court, in *King* vs *Dougherty*,[a] if still sanctioned, and which is relied upon by the plaintiff, appears decisive of the present question. It maintains, that where more than fifty dollars are due on a contract, the creditor may relinquish all over that amount, and sue for the balance, in the justice's Court. The counsel for the defendant, however, suggests the propriety of reviewing the principle of that decision, and insists, that its authority is questionable, in as much as it permits the act or consent of one or both the parties, by crediting the demand, to give jurisdiction to the justice, when, by the constitution and law of the State, he had it not; that jurisdiction can not be thus conferred.

The counsel further insists, that the other case is distinguishable from this, for the reason that in the former, the credit was for the benefit of the defen-

[a] 2 Stewart, 457.

dant, and his consent might be presumed; when, in this, the facts are otherwise. In answer to all which, it may be said, the constitution of the State limits the jurisdiction of justices, to causes, in which "the amount in controversy shall not exceed fifty dollars;" and the statute, to "all debts, and demands not exceeding fifty dollars, for a sum or *balance due*, on any specialty, note," &c.[a]

There is nothing in either, to prevent the parties from reducing a debt, originally for more, to a less sum, and making it the amount in controversy. This could be done, by the joint act of the parties, by dividing the sum into new notes, by payment of part, and entering a credit on the note: or, by the creditor's voluntary relinquishment of part, as ruled in the former decision referred to: there, it was said, "the plaintiff had a right to relinquish all his debt, except fifty dollars, so as to bring the case within jurisdiction of the magistrate;" and, in this decision, the Court was unanimous: nor do we now feel any dissatisfaction with it.

Though the decision permits the creditor alone to vary the amount of his demand, it is only by reducing it, which, in legal contemplation, can produce no injury to the adversary. While it enables the creditor to commence his litigation before the magistrate, it does not deny to the defendant, the benefit of a decision by either of the higher Courts, which would, otherwise, have cognizance of the demand—this he can have, by means of an appeal and writ of error, if dissatisfied with the decision of the more cheap and summary tribunal.

The counsel also refers to the case of *Lightfoot* vs

*Paton*,[a] as an authority in this case.    It was there [a] Harden's Rep. 3. decided, that the uniting of several demands, in order to produce a sum of which the district Courts of Kentucky had cognizance, was illegal, and would not give those Courts jurisdiction.

This decision is predicated on a statute of that State, which is not before us, and therefore, its weight as authority, can not be appreciated.    We are satisfied, however, to reject its influence on this case, either on the ground of its inapplicability, under the peculiarity of the statute, there, or, that it maintains a principle by which we are unwilling to be governed.

If the principle there advanced would deny the right of a creditor here, to consolidate several demands between the same parties, so as to give jurisdiction to the Courts of record, when, otherwise, they would not have it, we can not regard the case as *authority*.

A later statute of this State, than the one previously referred to, contains a provision, by which, in a different way, jurisdiction could have been expressly given in this case, to the magistrate.

Had the suit been instituted by the defendant below, on the less sum, against the plaintiff, and the latter had introduced the sixty dollar-note, as a set-off, and claimed the balance, he would have had the sanction of the statute of 1827,[a] which provides that, [a] Aik. Dig. 294. "in any trial before a justice of the peace, in civil causes, where the defendant's off-set is satisfactorily proven to be greater than the plaintiff's claim, the justice shall give judgment in favor of the defendant, for the overplus, provided it does not exceed fifty dol-

lars; and, if the overplus should exceed fifty dollars, then the justice shall give judgment in favor of the defendant, for costs; provided the defendant will enter a credit on his claim, for the amount of the plaintiff's demand, or give the plaintiff a receipt for so much."

The equity of this latter statute is conceived to apply equally to both parties, and to give the privilege of entering sets-off, as payment, to either. By this, and other means, which might be mentioned, the balance only, is to be regarded as the sum due, or the amount in controversy; and which, by the prior statute, and the constitution, is cognizable before the justice.

We are, therefore, of opinion, the judgment of the County Court must be reversed, and the cause remanded.